1  MICHAEL D. GREEN, ESQ., SBN 214142
   mgreen@abbeylaw.com
2  BRIAN G. LANCE, ESQ., SBN 300227
   blance@abbeylaw.com
3  ABBEY, WEITZENBERG, WARREN & EMERY, P.C.
   100 Stony Point Road, Suite 200
4  P.O. Box 1566
   Santa Rosa, CA  95402-1566
5  Telephone:  707-542-5050
   Facsimile:   707-542-2589

6

7  Attorneys for Plaintiff Brandi Martin

8              UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA

10 BRANDI MARTIN                    )  Case No.:
                                    )
11              Plaintiff,          )  **COMPLAINT FOR DAMAGES**
                                    )
12      v.                          )  **[WITH DEMAND FOR JURY TRIAL]**
                                    )
13 COUNTY OF LAKE; LAKE COUNTY      )
   SHERRIFF'S DEPARTMENT;           )
14 CALIFORNIA FORENSIC MEDICAL      )
   GROUP, INC.; WELLPATH            )
15 MANAGEMENT, INC.; RAYMOND        )
   HERR, M.D.; SHERRIFF BRIAN       )
16 MARTIN; CAPTAIN NORM TAYLOR;     )
   OFFICER HANK COMSTOCK;           )
17 SERGEANT FRANKLIN GUDMUNSON;     )
   OFFICER ERIL UDARBE; STACIE      )
18 SPECIALS; JUDY ROBERTS; EMMA     )
   ELWOOD; and DOES 1-50;           )
19                                  )
                Defendants.         )
20                                  )
                                    )
21 _____  )

22        **JURISDICTION/VENUE/GOVERNMENT CLAIM**

23     1.  Plaintiff BRANDI MARTIN ("Plaintiff") alleges violations of her Constitutional rights.

24 Plaintiff states claims under 42 U.S. Code Section 1983, 42 U.S. Code Section 1988, 42 U.S.

25 Code Section 12132, and other California statutory/common law identified herein.

26     2.   Jurisdiction is conferred upon the United States District Court by 42 U.S. Code Sections

27 1331 and 1343.  The United States District Court also has supplemental jurisdiction over the

28

ABBEY, WEITZENBERG, WARREN & EMERY, P.C.
100 Stony Point Road, Suite 200, P.O. Box 1566, Santa Rosa, CA 95402-1566
Telephone: (707) 542-5050 Facsimile (707) 542-2589

-1-

California state law claims alleged herein pursuant to 28 U.S. Code Section 1367 as the California state law claims arise from the same series of events and occurrences as those claims arising under federal law.

3.     Venue is proper in the United States District Court, Northern District of California, under 42 U.S. Code Section 1391(b), as the events giving rise to liability occurred in Lake County, California.

4.     Defendant County of Lake ("COUNTY") is, and at all relevant times alleged herein was, a public entity duly organized and existing under the laws of the State of California.  A written claim for damages setting forth the matters alleged herein was duly and regularly presented to the COUNTY on February 10, 2020.  Said presentation, and filing, was in compliance with the appropriate sections of the California Government Code.  COUNTY rejected the claim on or about May 21, 2020.  This action is, thus, timely filed within the provisions of the California Government Code with respect to those causes of action that require that such a claim be made.

5.     Plaintiff hereby demands a jury trial in this action.

**IDENTIFICATION OF PLAINTIFF**

6.     Plaintiff was in the custody of the COUNTY, at the Lake County Jail ("JAIL"), from June 12, 2019 through September 1, 2019.  While incarcerated, Plaintiff sustained a stroke. Defendants were deliberately indifferent to Plaintiff's serious medical needs, and thus she was provided with grossly inadequate medical treatment at the JAIL. Plaintiff was placed in a sobering cell and was provided no medical care for over 20 hours while suffering from a stroke causing Plaintiff to suffer severe, permanent damages.

**IDENTIFICATION OF DEFENDANTS**

7.     COUNTY is, and at all relevant times alleged herein was, responsible for overseeing the JAIL, the Lake County Sheriff's Department, Lake County SHERIFF BRIAN MARTIN ("MARTIN"), CAPTAIN NORM TAYLOR ("TAYLOR"), OFFICER HANK COMSTOCK

ABBEY, WEITZENBERG, WARREN & EMERY, P.C.
100 Stony Point Road, Suite 200, P.O. Box 1566, Santa Rosa, CA 95402-1566
Telephone: (707) 542-5050 Facsimile (707) 542-2589

("COMSTOCK"), SERGEANT FRANKLIN GUDMUNSON ("GUDMUNSON"), OFFICER ERIL UDARBE ("UDARBE"), Sutter County Sheriff's deputies/correctional officers and other agents/employees/ contracted entities of COUNTY, employees/agents of contracted entities of COUNTY including, without limitation, CALIFORNIA FORENSIC MEDICAL GROUP, INC. ("CFMG") and CFMG employees/agents including, but not limited to, CFMG doctors/nurses/other staff, WELLPATH MANAGEMENT, INC. ("WELLPATH") and WELLPATH employees/agents including, but not limited to, WELLPATH doctors/nurses/other staff. COUNTY is liable for the intentional, reckless, and negligent acts of all of the aforementioned parties, personnel, and entities as described herein. COUNTY is, and at all relevant times alleged herein was, responsible for providing medical care at the JAIL.

8.     Defendant MARTIN is, and at all relevant times alleged herein was, Sheriff for the COUNTY. Defendant TAYLOR is, and all relevant times herein was, the Sheriff's Captain in charge of the JAIL. In committing the acts and omissions alleged herein MARTIN and TAYLOR were acting under color of law and within the course and scope of their employment as Sheriff and Sheriff's Captain in charge of the JAIL, for the COUNTY. MARTIN and TAYLOR are, and at all relevant times were, officials with final authority regarding policies, customs, and/or procedures at the JAIL and with final authority regarding the hiring, training, screening, supervision, discipline, retention, counseling, and control of COUNTY Sheriff's deputies/correctional officers, other COUNTY employees/agents at the JAIL, contracted entities of COUNTY and the JAIL, and employees/agents of contracted entities of COUNTY at the JAIL including, but not limited to, CFMG and CFMG employees/agents, and WELLPATH and WELLPATH employees/agents. Defendants MARTIN and TAYLOR are being sued in their individual and official capacities.

9.     COMSTOCK, is, and at all relevant times alleged herein was, a correctional officer/supervisor employed by the COUNTY working at the JAIL. In committing the acts and omissions alleged herein COMSTOCK was acting under color of law and within the course and scope of employment for the COUNTY. COMSTOCK is being sued in both individual and

ABBEY, WEITZENBERG, WARREN & EMERY, P.C.
100 Stony Point Road, Suite 200, P.O. Box 1566, Santa Rosa, CA 95402-1566
Telephone: (707) 542-5050 Facsimile (707) 542-2589

**COMPLAINT FOR DAMAGES**

1    official capacities.

2        10.    GUDMUNSON, is, and at all relevant times alleged herein was, a correctional

3    officer/supervisor employed by the COUNTY working at the JAIL.  In committing the acts and

4    omissions alleged herein GUDMUNSON was acting under color of law and within the course and

5    scope of employment for the COUNTY.  GUDMUNSON is being sued in both individual and

6    official capacities.

7        11.    UDARBE, is, and at all relevant times alleged herein was, a correctional

8    officer/supervisor employed by the COUNTY working at the JAIL.  In committing the acts and

9    omissions alleged herein UDARBE was acting under color of law and within the course and

10   scope of employment for the COUNTY.  UDARBE is being sued in both individual and official

11   capacities.

12       12.    Defendant DOE 1, also known as ID #332, is, and at all relevant times alleged herein

13   was, a correctional officer/supervisor employed by the COUNTY working at the JAIL.  In

14   committing the acts and omissions alleged herein Defendant DOE 1 was acting under color of law

15   and within the course and scope of employment for the COUNTY.  Defendant DOE 1 is being

16   sued in both individual and official capacities.

17       13.    Defendant DOE 2, also known as ID #337, is, and at all relevant times alleged herein

18   was, a correctional officer/supervisor employed by the COUNTY working at the JAIL.  In

19   committing the acts and omissions alleged herein Defendant DOE 2 was acting under color of law

20   and within the course and scope of employment for the COUNTY.  Defendant DOE 2 is being

21   sued in both individual and official capacities.

22       14.    Defendant DOE 3, also known as ID #344, is, and at all relevant times alleged herein

23   was, a correctional officer/supervisor employed by the COUNTY working at the JAIL.  In

24   committing the acts and omissions alleged herein Defendant DOE 3 was acting under color of law

25   and within the course and scope of employment for the COUNTY.  Defendant DOE 3 is being

26   sued in both individual and official capacities.

27       15.    Defendant DOE 4, also known as ID #345, is, and at all relevant times alleged herein

28

ABBEY, WEITZENBERG, WARREN & EMERY, P.C.
100 Stony Point Road, Suite 200, P.O. Box 1566, Santa Rosa, CA 95402-1566
Telephone: (707) 542-5050 Facsimile (707) 542-2589

**COMPLAINT FOR DAMAGES**

was, a correctional officer/supervisor employed by the COUNTY working at the JAIL. In committing the acts and omissions alleged herein Defendant DOE 4 was acting under color of law and within the course and scope of employment for the COUNTY. Defendant DOE 4 is being sued in both individual and official capacities.

16. Defendant DOE 5 at all relevant times alleged herein was, the Chief Clinical Officer of WELLPATH. In committing the acts and omissions alleged herein DOE 5 was acting under color of law, as Chief Clinical Officer of the COUNTY's contracted medical care provider at the JAIL, and within the course and scope of his/her employment as Chief Clinical Officer of WELLPATH. DOE 5 at all relevant times was, an official with final authority regarding policies, customs, and/or procedures at the JAIL and with final authority regarding the hiring, training, screening, supervision, discipline, retention, counseling, and control of WELLPATH employees/agents, acting under color of law, at the JAIL. Defendant DOE 5 is being sued in his/her individual and official capacities.

17. Defendant DOE 6 at all relevant times alleged herein was a doctor treating Plaintiff. In committing the acts and omissions alleged herein DOE 6 was acting under color of law, as an agent and/or employee of defendants, and within the course and scope of his/her employment and/or agency. Defendant DOE 6 is being sued in both individual and official capacities.

18. Defendant DOE 7, also known ID #361, is, and at all relevant times alleged herein was, a correctional officer/supervisor employed by the COUNTY working at the JAIL. In committing the acts and omissions alleged herein Defendant DOE 7 was acting under color of law and within the course and scope of employment for the COUNTY. Defendant DOE 7 is being sued in both individual and official capacities.

19. Defendant DOE 8, also known ID #23, is, and at all relevant times alleged herein was, a correctional officer/supervisor employed by the COUNTY working at the JAIL. In committing the acts and omissions alleged herein Defendant DOE 8 was acting under color of law and within the course and scope of employment for the COUNTY. Defendant DOE 8 is being sued in both individual and official capacities.

ABBEY, WEITZENBERG, WARREN & EMERY, P.C.
100 Stony Point Road, Suite 200, P.O. Box 1566, Santa Rosa, CA 95402-1566
Telephone: (707) 542-5050 Facsimile (707) 542-2589

**COMPLAINT FOR DAMAGES**

1     20.    Defendant DOE 9, also known ID #24, is, and at all relevant times alleged herein was, a

2  correctional officer/supervisor employed by the COUNTY working at the JAIL.  In committing

3  the acts and omissions alleged herein Defendant DOE 9 was acting under color of law and within

4  the course and scope of employment for the COUNTY.  Defendant DOE 9 is being sued in both

5  individual and official capacities.

6     21.    Defendant DOE 10, also known ID #32, is, and at all relevant times alleged herein was,

7  a correctional officer/supervisor employed by the COUNTY working at the JAIL.  In committing

8  the acts and omissions alleged herein Defendant DOE 10 was acting under color of law and

9  within the course and scope of employment for the COUNTY.  Defendant DOE 10 is being sued

10  in both individual and official capacities.

11     22.    Defendant DOE 11, also known ID #13, is, and at all relevant times alleged herein was,

12  a correctional officer/supervisor employed by the COUNTY working at the JAIL.  In committing

13  the acts and omissions alleged herein Defendant DOE 11 was acting under color of law and

14  within the course and scope of employment for the COUNTY.  Defendant DOE 11 is being sued

15  in both individual and official capacities.

16     23.    Defendant DOE 12, also known ID #06, is, and at all relevant times alleged herein was,

17  a correctional officer/supervisor employed by the COUNTY working at the JAIL.  In committing

18  the acts and omissions alleged herein Defendant DOE 12 was acting under color of law and

19  within the course and scope of employment for the COUNTY.  Defendant DOE 12 is being sued

20  in both individual and official capacities.

21     24.    Defendant CALIFORNIA FORENSIC MEDICAL GROUP ("CFMG") is a subsidiary

22  of Defendant WELLPATH MANAGEMENT, INC. ("WELLPATH").

23     25.    Defendants CFMG/WELLPATH are, and at all relevant times alleged herein were,

24  corporations organized and existing under the laws of the State of California.

25  CFMG/WELLPATH have, and at all relevant times alleged herein had, a contract with COUNTY

26  to provide medical services for inmates at the JAIL.  CFMG/WELLPATH are, and at all relevant

27  times alleged herein were, responsible for providing medical care at the JAIL.  At all relevant

28

ABBEY, WEITZENBERG, WARREN & EMERY, P.C.
100 Stony Point Road, Suite 200, P.O. Box 1566, Santa Rosa, CA 95402-1566
Telephone: (707) 542-5050 Facsimile (707) 542-2589

**COMPLAINT FOR DAMAGES**

times alleged herein CFMG/WELLPATH and their employees/agents were acting under color of state law.

26.     Defendant CFMG/WELLPATH employees/agents STACIE SPECIALS ("SPECIALS"), EMMA ELWOOD ("ELWOOD"), and JUDY ROBERTS ("ROBERTS") are, and at all relevant times alleged herein were, employees/agents of CFMG/WELLPATH working at the JAIL for CFMG/WELLPATH and COUNTY.  These Defendants, as employees/agents of CFMG/WELLPATH, working at JAIL, were acting under color of law and under contract with the COUNTY.

27.     Defendant RAYMOND HERR, M.D. ("HERR") is, and at all relevant times alleged herein was, the President and Medical Director of CFMG.  In committing the acts and omissions alleged herein HERR was acting under color of law, as the head of the COUNTY's contracted medical care provider at the JAIL, and within the course and scope of his employment as President and Medical Director of CFMG.  HERR is, and at all relevant times was, an official with final authority regarding policies, customs, and/or procedures at the JAIL and with final authority regarding the hiring, training, screening, supervision, discipline, retention, counseling, and control of CFMG employees/agents, acting under color of law, at the JAIL.  Defendant HERR is being sued in his individual and official capacities.

28.     Plaintiff is ignorant of the true names and capacities of Defendants DOES 1 through 50 and therefore sue these Defendants by such fictitious names.  Plaintiff is informed and believes and thereon alleges that each Defendant so named is responsible in some manner for the injuries and damages suffered by Plaintiff as described in this complaint.  Plaintiff will amend her Complaint to state the true names and capacities of Defendants DOES 1 through 50 when they have been ascertained.  Any reference in this Complaint to any named entity Defendant, any individually named Defendant, the terms "Defendant," and/or "Defendants" also refers to Defendants DOES 1 through 50.

29.     At all times mentioned in this Complaint each of the Defendants, including all Defendants sued under fictitious names, were the agents and employees of each of the remaining

ABBEY, WEITZENBERG, WARREN & EMERY, P.C.
100 Stony Point Road, Suite 200, P.O. Box 1566, Santa Rosa, CA 95402-1566
Telephone: (707) 542-5050 Facsimile (707) 542-2589

**COMPLAINT FOR DAMAGES**

Defendants, and, in doing the things alleged in this Complaint, were acting within the course and scope of this agency or employment.

30.   In committing the acts and/or omissions alleged herein Defendants, including DOES, acted under color of authority and under color of law.  Plaintiff sues all parties named as Defendants in this Complaint in both their individual and official capacities.

## FACTS LEADING TO PLAINTIFF'S INJURIES

31.   On or about June 12, 2019, Plaintiff was incarcerated at the JAIL. Plaintiff suffered from high blood pressure, and as a result had an increased risk of suffering a stroke.

32.   On August 31, 2019, at approximately 4:20 pm, Plaintiff began to suffer and display symptoms of a stroke. Other prisoners caught her from falling. Plaintiff was placed in a chair and appeared to move on her left side but not her right side, and she was not speaking. Defendants, and each of them, were aware of, or should have been aware of, the aforestated information but were deliberately indifferent to same which resulted in severe injury to Plaintiff.

33.   At approximately 4:24 pm, COMSTOCK noticed Plaintiff in line to get her medication, and Plaintiff curled her fingers on her right hand inward, tensed up, and looked faint. COMSTOCK notified SPECIALS, and SPECIALS instructed COMSTOCK to get Plaintiff a chair and have her sit down. UDARBE was also there and assisted with SPECIALS in checking Plaintiff. COMSTOCK notified GUDMUNSON, and GUDMUNSON instructed COMSTOCK to get a wheelchair. SPECIALS then requested Plaintiff be taken to a sobering cell for observation, and GUDMUNSON escorted Plaintiff to a sobering cell in a wheelchair.

34.   On August 31, 2019, at 4:42 pm, Plaintiff was placed in the sobering cell by DOE 7. Defendants set up an observation log for one hour checks on Plaintiff.

35.   On August 31, 2019, at 4:35 pm, Plaintiff's vital signs were checked, and her blood pressure was 150/90. According to Defendants' records, Plaintiff was observed to be "altered" at this time. Defendants, and each of them, were aware of, or should have been aware of, the aforestated information but were deliberately indifferent to same which resulted in severe injury

ABBEY, WEITZENBERG, WARREN & EMERY, P.C.
100 Stony Point Road, Suite 200, P.O. Box 1566, Santa Rosa, CA 95402-1566
Telephone: (707) 542-5050 Facsimile (707) 542-2589

to Plaintiff.

36.   On August 31, 2019, at 5:33 DOE 8 noted Plaintiff's chest rising. At 6:11 pm, DOE 9, noted Plaintiff's chest rising.

37.   Defendant SPECIALS administered medication to Plaintiff on August 31, 2019 at 6:23 pm. SPECIALS withheld Abilify from Plaintiff due to Plaintiff's "change in mental status." Defendants, and each of them, were aware of, or should have been aware of, the aforestated information but were deliberately indifferent to same which resulted in severe injury to Plaintiff.

38.   On August 31, 2019, at 6:35 pm, it was reported that Plaintiff's fellow inmates recognized that she needed medical attention. Plaintiff was escorted out of the dorm by other inmates who stated she was "acting off" that day to Defendants. According to Defendants' notes, Plaintiff was unable to speak, tearful, and unsteady on her feet. Plaintiff followed some commands, but not all. Plaintiff had poor eye contact, and was not answering questions. Her grip strength was weak. Defendants, and each of them, were aware of, or should have been aware of, the aforestated information and the fact that plaintiff was in need of immediate emergency medical care but rather than provide or summon emergency medical care defendants were deliberately indifferent to same and instead defendants instead moved Plaintiff into a sobering cell for observation and assumed Plaintiff was on drugs and tested for opiates, cocaine, amphetamines, and THC.  Defendant DOE 6, referenced as "the M.D." by defendant SPECIALS was notified of Plaintiff's above described condition but was deliberately indifferent to said information and failed to evaluate Plaintiff, provide or order medical care for Plaintiff or to refer Plaintiff to emergency medical care.

39.   On August 31, 2019 at 6:43 pm, Plaintiff's test results came back negative for opiates, cocaine, amphetamines, and THC thus further confirming that Plaintiff was suffering a medical emergency, not intoxication.  Defendants, and each of them, were aware of, or should have been aware of, the aforestated information but were deliberately indifferent to same which resulted in severe injury to Plaintiff.

40.   On August 31, 2019, at 7:07 pm and 8:02 pm, Defendants note DOE 10 did a verbal

ABBEY, WEITZENBERG, WARREN & EMERY, P.C.
100 Stony Point Road, Suite 200, P.O. Box 1566, Santa Rosa, CA 95402-1566
Telephone: (707) 542-5050 Facsimile (707) 542-2589

check on Plaintiff. At 8:32 pm, Defendants note Plaintiff was seen by a nurse. At 8:58 pm, 9:53 pm, 11:31 pm, 12:35 am, 1:33 am, 2:28 am, and 4:19 am, Defendants note DOE 9 noted Plaintiff's chest rise. On September 1, 2019, Defendants note DOE 10 observed Plaintiff's chest rise at 3:23 am and 5:14 am. At 6:12 am DOE 11 check on plaintiff and stated plaintiff was "verbal ok, sitting up." At 8:21 am Defendants note was out, seeing a nurse. At 9:40 am DOE 12 noted plaintiff's chest rise.

41.    Defendant ELWOOD administered Brandi Martin's medication on September 1, 2019 at 6:37 am. ELWOOD administered the Abilify that SPECIALS refused to administer the night before due to a change in mental status.

42.    On September 1, 2019 at 12:36 pm Plaintiff's vital signs were checked by ROBERTS. Plaintiffs blood pressure had dropped to 100/60. ROBERTS noted Plaintiff had difficulty getting herself up to ambulate, and her right arm was hanging to her side.  Plaintiff also ambulated with a slow gait. ROBERTS noted Plaintiff's right eyelid was drooping on the right side. ROBERTS also noted that Plaintiff's speech was garbled, and Plaintiff could not lift her right arm when prompted. ROBERTS watched camera footage with DOE 3 from August 31, 2019 and Plaintiff "appeared to be having a problem prior to pm med pass needed assist. With (sic) ambulating from another inmate to get her meds." ROBERTS also watched additional camera footage while Plaintiff was in her sobering cell and noted Plaintiff "trying to get herself up to go to the bathroom with much difficulty using her left arm and trying to balance with her right arm." Defendants, and each of them, were aware of, or should have been aware of, the aforestated information but were deliberately indifferent to same which resulted in severe injury to Plaintiff.

43.    ROBERTS then called to transfer Plaintiff to the emergency room. Plaintiff was flown to San Francisco and was determined to have suffered a stroke.

44.    DOE 4 performed safety checks on inmates from 6:20 am to 5:19 pm on August 31, 2019. DOE 4 also performed a medication pass at 4:29 pm on August 31, 2019. DOE 4 was aware of and observed Plaintiff's significant symptoms of a stroke.

45.    DOE 3 performed safety checks on inmates from 6:02 pm August 31, 2019, to 4:16 am

Sept 1, 2019. DOE 3 was aware of and observed Plaintiff's significant symptoms of a stroke.

46.   DOE 1 performed inmate safety checks from 6:06 am on September 1, 2019 until the time Plaintiff was transferred to the hospital. DOE 1 was aware of and observed Plaintiff's significant symptoms of a stroke.

47.   Defendants were deliberately indifferent to Plaintiff's serious medical needs, and as a result, she suffered a severe stroke and ongoing injury over 20 hours in a sobering cell alone, rather than being provided with emergency medical care. As a direct result,  Plaintiff sustained severe, permanent damages. Defendants, and each of them, were aware of, or should have been aware of, the aforestated information but were deliberately indifferent to same which resulted in severe injury to Plaintiff.

48.   Additionally, COUNTY, CFMG, WELLPATH, HERR, MARTIN, TAYLOR and DOES maintained policies, customs, and/or de facto informal customs, and/or practices of permitting, ignoring, and condoning the following at the JAIL (which individually and collectively resulted in Constitutional violations at the JAIL, with respect to the delivery of medical care to detainees, including Plaintiff, and which proximately caused the Plaintiff's severe injuries: (1) delaying and failing to respond with adequate medical assistance when needed and requested; (2) failing to properly observe and treat detainees/inmates with medical conditions; (3) failing to adequately provide ongoing medical screenings and evaluations to persons with medical conditions; (4) failing to make timely referral for medical treatment when needed; (5) failing  to institute treatment plans for those persons at the JAIL with medical needs; (6) failing to prescribe, administer, and deliver medications and failing to provide necessary prescribed medications; (7) failing to complete adequate medical record keeping; (8) failing to have adequate medical staffing (in both amount and types of providers); (9) failing to have adequate communication between medical and custodial staff regarding medical treatment/care; (10) failing to have adequate supervision of inmates; (11) refusing access and delivery of medical health care to inmates; (12) failing to periodically monitor inmates/detainees with serious medical health conditions; (13) failing to comply with statutory guidelines, mandates and duties enacted for the protection of

ABBEY, WEITZENBERG, WARREN & EMERY, P.C.
100 Stony Point Road, Suite 200, P.O. Box 1566, Santa Rosa, CA 95402-1566
Telephone: (707) 542-5050 Facsimile (707) 542-2589

**COMPLAINT FOR DAMAGES**

individuals with medical needs at the JAIL; (14) failing to supervise, report, investigate, and

reprimand officers, aides, and medical care providers that engage in wrongful conduct including,

but not limited to, failing to provide/request medical treatment when indicated; (15) failing to

provide and follow written procedures for ensuring access to medical care treatment by qualified

professionals; (16) providing inadequately trained and credentialed medical staff at the JAIL,

such as Licensed Vocational Nurses who have no ability/authority to provide medical

care/treatment/medication to detainees, instead of providing nurses/doctors and, further, having

said unqualified/underqualified personnel perform tasks that go beyond their licensure; (17)

failing to appropriately refer JAIL detainees who exhibit symptoms of medical illness during

encounters with custody/medical staff to outside (or inside) medical providers; (18) failing to

transfer JAIL detainees with recognized severe medical illness, like Plaintiff, to facilities that can

provide adequate medical care; (19) isolating and punishing persons with illness by placing them

in segregation instead of providing them with medical care.

49.   Plaintiff, additionally, alleges Defendants COUNTY, CFMG, WELLPATH, HERR,

MARTIN, TAYLOR and DOES maintained policies, customs, or practices of understaffing the

JAIL with custody and medical personnel resulting in a failure to properly monitor inmates

particularly where, as with Plaintiff, a medical condition was known/recognized but left

untreated.

**FIRST CAUSE OF ACTION**
**(VIOLATION OF 42 U.S. CODE § 1983- FOURTEENTH AMENDMENT- DELIBERATE**
**INDIFFERENCE TO SERIOUS MEDICAL NEEDS OF PLAINTIFF AND FAILURE TO**
**PROTECT HER FROM HARM)**
**(AGAINST ALL DEFENDANTS INCLUDING DOES)**

50.   Plaintiff realleges and incorporate by reference all paragraphs alleged in this Complaint

(above and below) as though fully set forth herein.

51.   Plaintiff had serious medical needs at all relevant times alleged in this Complaint.

52.   Defendants, including DOES, were, at all relevant times alleged herein, acting under

color of law and within the course and scope of their official duties/employment for the

COUNTY, and/or CFMG, and/or WELLPATH at the JAIL.  Plaintiff, at all relevant times alleged

ABBEY, WEITZENBERG, WARREN & EMERY, P.C.
100 Stony Point Road, Suite 200, P.O. Box 1566, Santa Rosa, CA 95402-1566
Telephone: (707) 542-5050 Facsimile (707) 542-2589

**COMPLAINT FOR DAMAGES**

ABBEY, WEITZENBERG, WARREN & EMERY, P.C.
100 Stony Point Road, Suite 200, P.O. Box 1566, Santa Rosa, CA 95402-1566
Telephone: (707) 542-5050 Facsimile (707) 542-2589

herein, was in the custody of COUNTY, and/or CFMG, and/or WELLPATH at the JAIL. CFMG, and/or WELLPATH at all relevant times, was under contract with the COUNTY to provide medical services to detainees, like Plaintiff, at the JAIL.

53.    By reason of the specific actions and inactions of Defendants, including DOES, as detailed above, Defendants violated the Constitutional rights and liberty interests of Plaintiff including, but not limited to, those rights provided to Plaintiff in the Fourteenth Amendment to the United States Constitution including, but not limited to, Plaintiff's right to Constitutionally adequate medical care while at the JAIL and Plaintiff's right to be protected from unnecessary pain/suffering/harm while at the JAIL.

54.    Defendants, including DOES, as provided in-detail above, were deliberately indifferent to Plaintiff's serious medical needs while she was at the JAIL and were deliberately indifferent in failing to protect Plaintiff from unnecessary harm/pain/suffering at the JAIL.  Defendants, and each of them, ignored Plaintiff's serious medical needs, failed/refused to provide Plaintiff access to, and delivery of, medical evaluations, interventions, care, treatment, and, further, failed to intervene to prevent Plaintiff's severe and permanent injury and disability.

55.    As a direct and proximate result of Defendants' deliberate indifference to Plaintiff's serious medical needs, as detailed above, Plaintiff's serious, but treatable, medical condition went untreated.  Rather than being provided the treatment she needed, Plaintiff continued to suffer without any medical care for over 20 hours.  This caused Plaintiff to suffer cruel and unusual punishment, and both physical pain and mental anguish, in violation of Plaintiff's Fourteenth Amendment rights, and, ultimately, resulted in severe personal injury to Plaintiff.

56.    Under 42 U.S.C. § 1988 Plaintiff is entitled to, and demands, an award of reasonable attorneys' fees and costs on this cause of action.

57.    Each Defendant, including DOES, acted intentionally, recklessly, and/or with callous indifference to Plaintiff's serious medical needs and to Plaintiff's Constitutional rights.  As such, Defendants should be assessed punitive damages on this cause of action.

///

**SECOND CAUSE OF ACTION**
**(VIOLATION OF 42 U.S. CODE § 1983- FOURTEENTH AMENDMENT- INADEQUATE POLICIES, CUSTOMS, AND/OR PRACTICES RESULTING IN DEPRIVATION OF MEDICAL CARE TO PLAINTIFF AND FAILURE TO PROTECT PLAINTIFF FROM HARM)**
**(AGAINST DEFENDANTS COUNTY, CFMG, WELLPATH, HERR, MARTIN, AND DOES ONLY)**

58.    Plaintiff realleges and incorporates by reference all paragraphs alleged in this Complaint (above and below) as though fully set forth herein.

59.    Defendants COUNTY, CFMG, and WELLPATH had inadequate policies, customs, and/or practices with respect to providing medical care to detainees at the JAIL, and with respect to protecting detainees like Plaintiff from unnecessary harm/pain/suffering while at the JAIL, including, but not limited to, as listed above in this Complaint.

60.    MARTIN is, and at all relevant times was, the Sheriff for the COUNTY and the COUNTY official with final policy/decision-making authority with respect to the provision of medical care at the JAIL.  HERR is, and at all relevant times was, the President/Medical Director of CFMG and the CFMG official charged with final policy/decision-making authority, in conjunction with MARTIN and COUNTY, regarding the provision of medical care at the JAIL. DOE 5 at all relevant times was, the Chief Clinical Officer of WELLPATH and the WELLPATH official charged with final policy/decision making authority, in conjunction with MARTIN, COUNTY, and CFMG regarding the provision of medical care at the JAIL.

61.    By reason of the actions and inactions of Defendants, as detailed above, Defendants, including DOES, violated the Constitutional rights and liberty interests of Plaintiff including, but not limited to, Plaintiff's Fourteenth Amendment right to Constitutionally adequate medical health care while at the JAIL and Plaintiff's Constitutional right to be protected from unnecessary pain/suffering/harm while at the JAIL.

62.    CFMG/WELLPATH, HERR, and DOE 5 have a history of failing to provide even minimally adequate medical care to prisoners at the JAIL and, generally, at jails/facilities around the State of California where CFMG/WELLPATH is the medical provider.  This has resulted in numerous civil rights lawsuits against CFMG/WELLPATH, HERR, and DOE 5 many of which

ABBEY, WEITZENBERG, WARREN & EMERY, P.C.
100 Stony Point Road, Suite 200, P.O. Box 1566, Santa Rosa, CA 95402-1566
Telephone: (707) 542-5050 Facsimile (707) 542-2589

are currently ongoing.  CFMG/WELLPATH, HERR and DOE 5's substandard and

Constitutionally deplorable care is provided, at least in part, due to the fact that

CFMG/WELLPATH charges a flat rate for medical care at the JAIL to COUNTY (per prisoner,

per day) which incentivizes CFMG/WELLPATH, HERR, and DOE 5 to provide the most

minimal care possible at the JAIL so as to maximize profit for CFMG/WELLPATH.

63.     As a direct and proximate result of the above-described policies, customs, and/or

practices Plaintiff's serious, but treatable, medical condition went untreated.  This caused Plaintiff

to suffer cruel and unusual punishment, and both physical pain and mental anguish, in violation of

her Fourteenth Amendment rights and, ultimately, resulted in severe personal injury at the JAIL.

The Defendants identified in this cause of action, including DOES, knew that the policies,

customs, and/or practices were inadequate but, despite this, Defendants were deliberately

indifferent to the serious risk posed by same.  Accordingly, these Defendants, including DOES, in

doing the above-described actions/inactions, were deliberately indifferent to Plaintiff's serious

medical needs.

64.     Plaintiff seeks damages for the pain and suffering caused at the JAIL, the physical

injuries, pain, emotional anguish, and trauma.

65.     Under 42 U.S.C. § 1988 Plaintiff is entitled to, and demands, an award of reasonable

attorneys' fees and costs on this cause of action.

66.     Each Defendant, including DOES, acted intentionally, recklessly, and/or with callous

indifference to Plaintiff's serious medical needs and to Plaintiff's Constitutional rights.  As such,

Defendants should be assessed punitive damages on this cause of action.

### THIRD CAUSE OF ACTION
**(VIOLATION OF 42 U.S. CODE § 1983- FOURTEENTH AMENDMENT- FAILURE TO TRAIN/SUPERVISE RESULTING IN DEPRIVATION OF MEDICAL CARE TO PLAINTIFF AND FAILURE TO PROTECT PLAINTIFF FROM HARM) (AGAINST DEFENDANTS COUNTY, CFMG, WELLPATH, HERR, MARTIN, AND DOES ONLY)**

67.     Plaintiff realleges and incorporate by reference all paragraphs alleged in this Complaint

(above and below) as though fully set forth herein.

ABBEY, WEITZENBERG, WARREN & EMERY, P.C.
100 Stony Point Road, Suite 200, P.O. Box 1566, Santa Rosa, CA 95402-1566
Telephone: (707) 542-5050 Facsimile (707) 542-2589

**COMPLAINT FOR DAMAGES**

68. Defendants COUNTY, CFMG and WELLPATH had inadequate training/supervision, or no training/supervision at all, at the JAIL to assure that employees/agents provided proper medical care to prisoners, like Plaintiff, and to assure that employees/agents protect prisoners, like Plaintiff, from harm.

69. COUNTY, CFMG, WELLPATH, HERR, MARTIN and DOE 5 were aware, or should have been aware, that employees/agents were not adequately trained/supervised to: (1) provide timely access to and delivery of medical care to prisoners when needed and requested; and (2) transport sick individuals to approved facilities for treatment and assessment when necessary.

70. MARTIN is, and at all relevant times was, the Sheriff for the COUNTY and the COUNTY official with final policy/decision-making authority with respect to the provision of medical care at the JAIL and training/supervision of employees/agents at the JAIL.  HERR is, and at all relevant times was, the President/Medical Director of CFMG and the CFMG official charged with final policy/decision-making authority, in conjunction with MARTIN and COUNTY, regarding the provision of medical/mental health care at the JAIL and training/supervision of employees/agents at the JAIL.  DOE 5 at all relevant times was the Chief Clinical Director of WELLPATH and an official charged with final policy/decision-making authority, in conjunction with HERR, MARTIN and COUNTY, regarding the provision of medical care at the JAIL and training/supervision of employees/agents at the JAIL.

71. By reason of the actions and inactions of Defendants, as detailed above, Defendants violated the Constitutional rights and liberty interests of Plaintiff including, but not limited to, Plaintiff's  Fourteenth Amendment right to Constitutionally adequate medical care while at the JAIL and Plaintiff's Constitutional right to be protected from unnecessary pain/suffering/harm while at the JAIL.

72. CFMG/WELLPATH, HERR, and DOE 5 have a history of failing to provide even minimally adequate medical care to prisoners at the JAIL and, generally, at jails/facilities around the State of California where CFMG/WELLPATH is the medical provider.  This has resulted in numerous civil rights lawsuits against CFMG/WELLPATH, HERR, and DOE 5 many of which

ABBEY, WEITZENBERG, WARREN & EMERY, P.C.
100 Stony Point Road, Suite 200, P.O. Box 1566, Santa Rosa, CA 95402-1566
Telephone: (707) 542-5050 Facsimile (707) 542-2589

are currently ongoing.  CFMG/WELLPATH, HERR, and DOE 5's substandard and

Constitutionally deplorable care is provided, at least in part, due to the fact that

CFMG/WELLPATH charges a flat rate for medical care at the JAIL to COUNTY (per prisoner,

per day) which incentivizes CFMG/WELLPATH, HERR, and DOE 5 to provide the most

minimal care possible at the JAIL so as to maximize profit for CFMG/WELLPATH.

73.    As a direct and proximate result of the above-described training/supervision Plaintiff's

serious, but treatable, medical condition went untreated.  This caused Plaintiff to suffer cruel and

unusual punishment, and both physical pain and mental anguish, in violation of her and

Fourteenth Amendment rights and, ultimately, resulted in severe and permanent injury to

Plaintiff.  Defendants, including DOES, knew that the policies, customs, and/or practices were

inadequate but, despite this, Defendants were deliberately indifferent to the serious risk posed by

same.  Accordingly, Defendants, in doing the above-described actions/inactions, were

deliberately indifferent to Plaintiff's serious medical needs.

74.    Under 42 U.S.C. § 1988 Plaintiff is entitled to, and demands, an award of reasonable

attorneys' fees and costs on this cause of action.

75.    Each Defendant, including DOES, acted intentionally, recklessly, and/or with callous

indifference to Plaintiff's serious medical needs, and to Plaintiff's Constitutional rights.  As such,

Defendants should be assessed punitive damages on this cause of action.

**FOURTH CAUSE OF ACTION**
**(VIOLATION OF 42 U.S. CODE § 1983- EIGTH AMENDMENT- DELIBERATE**
**INDIFFERENCE TO SERIOUS MEDICAL NEEDS OF PLAINTIFF AND FAILURE TO**
**PROTECT HER FROM HARM)**
**(AGAINST ALL DEFENDANTS INCLUDING DOES)**

76.    Plaintiff realleges and incorporate by reference all paragraphs alleged in this Complaint

(above and below) as though fully set forth herein.

77.    Plaintiff had serious medical needs at all relevant times alleged in this Complaint.

78.    Defendants, including DOES, were, at all relevant times alleged herein, acting under

color of law and within the course and scope of their official duties/employment for the

COUNTY, and/or CFMG, and/or WELLPATH at the JAIL.  Plaintiff, at all relevant times alleged

ABBEY, WEITZENBERG, WARREN & EMERY, P.C.
100 Stony Point Road, Suite 200, P.O. Box 1566, Santa Rosa, CA 95402-1566
Telephone: (707) 542-5050 Facsimile (707) 542-2589

**COMPLAINT FOR DAMAGES**

herein, was in the custody of COUNTY, and/or CFMG, and/or WELLPATH at the JAIL. CFMG, and/or WELLPATH at all relevant times, was under contract with the COUNTY to provide medical services to prisoners, like Plaintiff, at the JAIL.

79. By reason of the specific actions and inactions of Defendants, including DOES, as detailed above, Defendants violated the Constitutional rights and liberty interests of Plaintiff including, but not limited to, those rights provided to Plaintiff in the Eighth Amendment to the United States Constitution including, but not limited to, Plaintiff's right to Constitutionally adequate medical care while at the JAIL and Plaintiff's right to be protected from unnecessary pain/suffering/harm while at the JAIL.

80. Defendants, including DOES, as provided in-detail above, were deliberately indifferent to Plaintiff's serious medical needs while she was at the JAIL and were deliberately indifferent in failing to protect Plaintiff from unnecessary harm/pain/suffering at the JAIL. Defendants, and each of them, ignored Plaintiff's serious medical needs, failed/refused to provide Plaintiff access to, and delivery of, medical evaluations, interventions, care, treatment, and, further, failed to intervene to prevent Plaintiff's severe and permanent injury and disability.

81. As a direct and proximate result of Defendants' deliberate indifference to Plaintiff's serious medical needs, as detailed above, Plaintiff's serious, but treatable, medical condition went untreated. Rather than being provided the treatment she needed, Plaintiff continued to suffer without any medical care for over 20 hours. This caused Plaintiff to suffer cruel and unusual punishment, and both physical pain and mental anguish, in violation of Plaintiff's Eighth Amendment rights, and ultimately, resulted in severe personal injury to Plaintiff.

82. Under 42 U.S.C. § 1988 Plaintiff is entitled to, and demands, an award of reasonable attorneys' fees and costs on this cause of action.

83. Each Defendant, including DOES, acted intentionally, recklessly, and/or with callous indifference to Plaintiff's serious medical needs and to Plaintiff's Constitutional rights. As such, Defendants should be assessed punitive damages on this cause of action.

///

**COMPLAINT FOR DAMAGES**

ABBEY, WEITZENBERG, WARREN & EMERY, P.C.
100 Stony Point Road, Suite 200, P.O. Box 1566, Santa Rosa, CA 95402-1566
Telephone: (707) 542-5050 Facsimile (707) 542-2589

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

ABBEY, WEITZENBERG, WARREN & EMERY, P.C.
100 Stony Point Road, Suite 200, P.O. Box 1566, Santa Rosa, CA 95402-1566
Telephone: (707) 542-5050 Facsimile (707) 542-2589

**FIFTH CAUSE OF ACTION**
**(VIOLATION OF 42 U.S. CODE § 1983- EIGHTH AMENDMENT- INADEQUATE POLICIES, CUSTOMS, AND/OR PRACTICES RESULTING IN DEPRIVATION OF MEDICAL CARE TO PLAINTIFF AND FAILURE TO PROTECT PLAINTIFF FROM HARM)**
**(AGAINST DEFENDANTS COUNTY, CFMG, WELLPATH, HERR, MARTIN, AND DOES ONLY)**

84. Plaintiff realleges and incorporates by reference all paragraphs alleged in this Complaint (above and below) as though fully set forth herein.

85. Defendants COUNTY, CFMG, and WELLPATH had inadequate policies, customs, and/or practices with respect to providing medical care to prisoners at the JAIL, and with respect to protecting prisoners like Plaintiff from unnecessary harm/pain/suffering while at the JAIL, including, but not limited to, as listed above in this Complaint.

86. MARTIN is, and at all relevant times was, the Sheriff for the COUNTY and the COUNTY official with final policy/decision-making authority with respect to the provision of medical care at the JAIL. HERR is, and at all relevant times was, the President/Medical Director of CFMG and the CFMG official charged with final policy/decision-making authority, in conjunction with MARTIN and COUNTY, regarding the provision of medical care at the JAIL. DOE 5 at all relevant times was, the Chief Clinical Officer of WELLPATH and the WELLPATH official charged with final policy/decision making authority, in conjunction with MARTIN, COUNTY, and CFMG regarding the provision of medical care at the JAIL.

87. By reason of the actions and inactions of Defendants, as detailed above, Defendants, including DOES, violated the Constitutional rights and liberty interests of Plaintiff including, but not limited to, Plaintiff's Eighth Amendment right to Constitutionally adequate medical health care while at the JAIL and Plaintiff's Constitutional right to be protected from unnecessary pain/suffering/harm while at the JAIL.

88. CFMG/WELLPATH, HERR, and DOE 5 have a history of failing to provide even minimally adequate medical care to prisoners at the JAIL and, generally, at jails/facilities around the State of California where CFMG/WELLPATH is the medical provider. This has resulted in numerous civil rights lawsuits against CFMG/WELLPATH, HERR, and DOE 5 many of which

-19-

are currently ongoing.  CFMG/WELLPATH, HERR, and DOE 5's substandard and
Constitutionally deplorable care is provided, at least in part, due to the fact that
CFMG/WELLPATH charges a flat rate for medical care at the JAIL to COUNTY (per prisoner,
per day) which incentivizes CFMG/WELLPATH, HERR, and DOE 5 to provide the most
minimal care possible at the JAIL so as to maximize profit for CFMG/WELLPATH.

89.    As a direct and proximate result of the above-described policies, customs, and/or
practices Plaintiff's serious, but treatable, medical condition went untreated.  This caused Plaintiff
to suffer cruel and unusual punishment, and both physical pain and mental anguish, in violation of
her Eighth Amendment rights and, ultimately, resulted in severe personal injury at the JAIL.  The
Defendants identified in this cause of action, including DOES, knew that the policies, customs,
and/or practices were inadequate but, despite this, Defendants were deliberately indifferent to the
serious risk posed by same.  Accordingly, these Defendants, including DOES, in doing the above-
described actions/inactions, were deliberately indifferent to Plaintiff's serious medical needs.

90.    Plaintiff seeks damages for the pain and suffering caused at the JAIL, the physical
injuries, pain, emotional anguish, and trauma.

91.    Under 42 U.S.C. § 1988 Plaintiff is entitled to, and demands, an award of reasonable
attorneys' fees and costs on this cause of action.

92.    Each Defendant, including DOES, acted intentionally, recklessly, and/or with callous
indifference to Plaintiff's serious medical needs and to Plaintiff's Constitutional rights.  As such,
Defendants should be assessed punitive damages on this cause of action.

## SIXTH CAUSE OF ACTION
### (VIOLATION OF 42 U.S. CODE § 1983- EIGHTH AMENDMENT- FAILURE TO TRAIN/SUPERVISE RESULTING IN DEPRIVATION OF MEDICAL CARE TO PLAINTIFF AND FAILURE TO PROTECT PLAINTIFF FROM HARM) (AGAINST DEFENDANTS COUNTY, CFMG, WELLPATH, HERR, MARTIN AND DOES ONLY)

93. Plaintiff realleges and incorporate by reference all paragraphs alleged in this Complaint
(above and below) as though fully set forth herein.

94.    Defendants COUNTY, CFMG and WELLPATH had inadequate training/supervision, or

ABBEY, WEITZENBERG, WARREN & EMERY, P.C.
100 Stony Point Road, Suite 200, P.O. Box 1566, Santa Rosa, CA 95402-1566
Telephone: (707) 542-5050 Facsimile (707) 542-2589

**COMPLAINT FOR DAMAGES**

no training/supervision at all, at the JAIL to assure that employees/agents provided proper medical care to prisoners, like Plaintiff, and to assure that employees/agents protect prisoners, like Plaintiff, from harm.

95.   COUNTY, CFMG, WELLPATH, HERR, MARTIN and DOE 5 were aware, or should have been aware, that employees/agents were not adequately trained/supervised to: (1) provide timely access to and delivery of medical care to prisoners when needed and requested; and (2) transport sick individuals to approved facilities for treatment and assessment when necessary.

96.   Martin is, and at all relevant times was, the Sheriff for the COUNTY and the COUNTY official with final policy/decision-making authority with respect to the provision of medical care at the JAIL and training/supervision of employees/agents at the JAIL.  HERR is, and at all relevant times was, the President/Medical Director of CFMG and the CFMG official charged with final policy/decision-making authority, in conjunction with MARTIN and COUNTY, regarding the provision of medical care at the JAIL and training/supervision of employees/agents at the JAIL.  DOE 5 at all relevant times was the Chief Clinical Director of WELLPATH and an official charged with final policy/decision-making authority, in conjunction with HERR, MARTIN and COUNTY, regarding the provision of medical care at the JAIL and training/supervision of employees/agents at the JAIL.

97.   By reason of the actions and inactions of Defendants, as detailed above, Defendants violated the Constitutional rights and liberty interests of Plaintiff including, but not limited to, Plaintiff's Eighth Amendment right to Constitutionally adequate medical care while at the JAIL and Plaintiff's Constitutional right to be protected from unnecessary pain/suffering/harm while at the JAIL.

98.   CFMG/WELLPATH, HERR, and DOE 5 have a history of failing to provide even minimally adequate medical care to prisoners at the JAIL and, generally, at jails/facilities around the State of California where CFMG/WELLPATH is the medical provider.  This has resulted in numerous civil rights lawsuits against CFMG/WELLPATH, HERR, and DOE 5 many of which are currently ongoing.  CFMG/WELLPATH, HERR, and DOE 5's substandard and

ABBEY, WEITZENBERG, WARREN & EMERY, P.C.
100 Stony Point Road, Suite 200, P.O. Box 1566, Santa Rosa, CA 95402-1566
Telephone: (707) 542-5050 Facsimile (707) 542-2589

Constitutionally deplorable care is provided, at least in part, due to the fact that CFMG/WELLPATH charges a flat rate for medical care at the JAIL to COUNTY (per prisoner, per day) which incentivizes CFMG/WELLPATH, HERR, and DOE 5 to provide the most minimal care possible at the JAIL so as to maximize profit for CFMG/WELLPATH.

99.   As a direct and proximate result of the above-described training/supervision Plaintiff's serious, but treatable, medical condition went untreated.  This caused Plaintiff to suffer cruel and unusual punishment, and both physical pain and mental anguish, in violation of her Eighth Amendment rights and, ultimately, resulted in severe and permanent injury to Plaintiff. Defendants, including DOES, knew that the policies, customs, and/or practices were inadequate but, despite this, Defendants were deliberately indifferent to the serious risk posed by same. Accordingly, Defendants, in doing the above-described actions/inactions, were deliberately indifferent to Plaintiff's serious medical needs.

100.  Under 42 U.S.C. § 1988 Plaintiff is entitled to, and demands, an award of reasonable attorneys' fees and costs on this cause of action.

101.  Each Defendant, including DOES, acted intentionally, recklessly, and/or with callous indifference to Plaintiff's serious medical needs, and to Plaintiff's Constitutional rights.  As such, Defendants should be assessed punitive damages on this cause of action.

### SEVENTH CAUSE OF ACTION
**(VIOLATION OF CALIFORNIA GOVERNMENT CODE § 845.6)**
**(AGAINST ALL DEFENDANTS, INCLUDING DOES)**

102.  Plaintiff realleges and incorporates by reference all paragraphs in this Complaint (above and below) as though fully set forth herein

103.  Pursuant to California Government Code § 845.6 Defendants, including DOES, had a duty to monitor, check, and respond to Plaintiff's medical needs while she was at the JAIL. Further, Defendants had a duty to summon needed medical care for Plaintiff, and to protect her from harm, at the JAIL.

104.  Defendants, and each of them, knew, or had reason to know, Plaintiff was in need of

**COMPLAINT FOR DAMAGES**

higher level medical care for a lengthy period of time, as described above in this Complaint. Despite this knowledge Defendants, including DOES, and each of them, failed to take reasonable action to summon medical care for Plaintiff.

105.  As a direct and proximate result of Defendants' actions and inactions at the JAIL, Plaintiff suffered severe and permanent injuries.  As such Plaintiff is entitled to recover damages in an amount according to proof at trial and as allowed by law.

**EIGHTH CAUSE OF ACTION**
**PROFESSIONAL NEGLIGENCE RESULTING IN PERSONAL INJURY**
**(AGAINST COUNTY, CFMG, WELLPATH, HERR, SPECIALS, ROBETS, ELWOOD,AND DOES ONLY)**

106.  Plaintiff realleges and incorporates by reference herein all of the allegations above and below as though they are fully set forth herein.

107.  Defendants, and each of them, owed a duty to Plaintiff in their care and treatment of Plaintiff.

108.  Defendants, and each of them, breached the applicable medical and professional standards of care owed to Plaintiff in the care and treatment she received.

109.  As a direct and proximate result of the actions and inactions of Defendants, and each of them, including but not limited to those actions and inactions listed above, Plaintiff has suffered serious and permanent injuries in an amount according to proof at trial.

WHEREFORE, Plaintiff prays for relief as follows:

1.  For general damages according to proof on the appropriate causes of action;

2.  For special damages according to proof on the appropriate causes of action;

3.  For pecuniary damages according to proof on the appropriate causes of action;

4.  For punitive damages according to proof against the appropriate Defendants on the appropriate causes of action;

5.  For treble damages according to proof against the appropriate Defendants on the appropriate causes of action;

6.  For costs of suit;

**COMPLAINT FOR DAMAGES**

ABBEY, WEITZENBERG, WARREN & EMERY, P.C.
100 Stony Point Road, Suite 200, P.O. Box 1566, Santa Rosa, CA 95402-1566
Telephone: (707) 542-5050 Facsimile (707) 542-2589

7.     For prejudgment interest;

8.     For attorneys' fees and costs pursuant to 42 U.S.C. § 1988, 42 U.S.C. § 12205, Civil Code 52 and otherwise against the appropriate Defendants on the appropriate causes of action.

DATED:  August 14, 2020               ABBEY, WEITZENBERG, WARREN & EMERY

                                      By:   */s/ Michael D. Green*
                                            Michael D. Green
                                            Brian G. Lance
                                            Attorneys for Plaintiff

ABBEY, WEITZENBERG, WARREN & EMERY, P.C.
100 Stony Point Road, Suite 200, P.O. Box 1566, Santa Rosa, CA 95402-1566
Telephone: (707) 542-5050 Facsimile (707) 542-2589

**COMPLAINT FOR DAMAGES**